IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIZ MEDIA LLC, | No. C07-00660 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND STRIKING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| STEVEN M SPECTOR PC, | |
| Defendant. | |

**INTRODUCTION**

Before the Court are Defendant Steven M. Spector, A Professional Corporation's ("Spector") Motion To Dismiss (Docket No. 8) and Plaintiff Viz Media, LLC's ("Viz") Motion For Summary Judgment (Docket No. 9).

For the following reasons, the Court **GRANTS** Spector's motion to dismiss. Accordingly, the Court **STRIKES AS MOOT** Viz's motion for summary judgment.

**FACTUAL BACKGROUND**

Viz, plaintiff in this declaratory relief action, and Ventura Distribution, Inc. ("Ventura"), Viz's former distributor, entered into a consignment agreement in 2003, under which Viz transferred certain goods to Ventura for sale to Ventura's customers. In February 2006, to perfect its security interest in the goods which it had previously delivered to Ventura, Viz filed a form UCC-1 financing statement with California's Secretary of State, naming Ventura as a debtor. In March 2006, Viz brought an action in San Francisco County Superior Court against Ventura alleging breach of

contract and related claims against Ventura.

After the lawsuit was filed, in March 2006, Ventura made a purported assignment for the benefit of its creditors, pursuant to California law, in favor of Spector (defendant in this declaratory relief action). Spector, as assignee, subsequently sold most of the assets. Spector and Viz subsequently engaged in discussions relating to their dispute over ownership of the goods for which Viz claimed a security interest. In January 2007, Spector indicated to Viz that it intended to file a motion to intervene in the state court action to assert a cause of action against Viz for the avoidance of the UCC-1 as a preference pursuant to California Code of Civil Procedure § 1800(b), which confers upon an assignee for the benefit of creditors the right to recover preferential payments and transfers

On February 7, 2007, Viz filed this federal action, seeking declaratory judgment that Spector's alleged power under California Code of Civil Procedure §§ 1800 *et seq.* to void or otherwise adversely affect the UCC-1 is preempted by the United States Bankruptcy Act and that Spector therefore has no rights to the goods in question. On February, 9, 2007, the San Francisco County Superior Court granted Spector's motion to intervene in the state court action. That same day, Spector filed its complaint in intervention in the state court, which included a claim against Viz for the avoidance of the UCC-1 as a preference. Spector's state law claim under California Code of Civil Procedure § 1800(b) against Viz has not been removed to federal court.

In its motion to dismiss, Spector now asserts that this Court does not have subject matter jurisdiction over Viz's declaratory judgment action, and that the preemption issue raised by Viz must be resolved in the state court action. Viz opposes the motion to dismiss. By separate motion, Viz also seeks summary judgment on its declaratory relief claim, on the grounds that controlling precedent in *Sherwood Partners v. Lycos, Inc.*, 394 F.3d 1198 (9th Cir. 2005) has already determined that the United States Bankruptcy Act preempts California Code of Civil Procedure Section 1800(b).

## LEGAL STANDARD

2

1    Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter
2 jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of
3 jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that
4 subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377
5 (1994). "Determinations about federal jurisdiction require sensitive judgments about congressional
6 intent, judicial power, and the federal system." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S.
7 804, 810 (1986).

8    A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a
9 facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial
10 attack is one where "the challenger asserts that the allegations contained in a complaint are
11 insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d
12 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the
13 factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1
14 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See
15 Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does not have to
16 assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227
17 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual
18 motion by presenting affidavits or evidence properly before the court, the party opposing the motion
19 must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject
20 matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## ANALYSIS

**A.    Declaratory Relief Actions Asserting Preemption.**

A district court must have a separate basis for subject matter jurisdiction in a declaratory judgment action. "The Declaratory Judgment Act, 28 U.S.C. § 2201, is a procedural device only; it does not confer an independent basis of jurisdiction on the federal court." *Alton Box Board Co. v. Espirit De. Corp.*, 682 F.2d 1267, 1274 (9th Cir. 1982). "The use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201." *Janakes v. United States Postal*

3

*Service*, 768 F.2d 1091, 1093 (9th Cir. 1985). "A declaratory judgment plaintiff may not assert a federal question in his complaint if, but for the declaratory judgment procedure, that question would arise only as a federal defense to a state law claim brought by the declaratory judgment defendant in state court." *Id.*

Here, it is undisputed that diversity subject matter jurisdiction does not exist, as both Viz and Spector are California citizens. Viz concedes in its Complaint that Viz is a California limited liability company with its headquarters and principal place of business in San Francisco, California, and that Spector is a California corporation with a place of business in Los Angeles. (Complaint ¶ 2.)

The Court's ability to reach the merits of this action therefore turns on whether the Court has federal question subject matter jurisdiction over Viz's declaratory judgment complaint asserting preemption. Under the "well-pleaded complaint rule", however, the assertion in a declaratory relief action of a federal law defense to a state law claim will not, in itself, create federal question subject matter jurisdiction. *Alton Box*, 682 F.2d at 1274. In *Alton Box*, defendant had filed a state court action against certain manufacturers asserting state antitrust law violations. In response, the manufacturers filed a separate federal action seeking, *inter alia*, a declaratory judgment that federal law preempted the state law antitrust claims. *Id.* at 1269-70. When the manufacturers moved for summary judgment, the district court denied the motion and ordered the federal complaint dismissed.

On appeal, the Ninth Circuit ruled that "the district court lacked jurisdiction to enter a declaratory judgment because the manufacturers' declarartory judgment complaint raised no federal question." *Id.* at 1274. The Ninth Circuit explained:

> The federal preemption issue raised in the manufacturers' complaint is a defense to enforcement of Espirit's [state law antitrust] claim, a claim which manifestly arises under state law. Such is not the stuff of federal jurisdiction. . . . A claim does not arise under federal law within the meaning of section 1331 where it relies on federal law only to establish an immunity or defense which would preclude the declaratory judgment defendant from successfully litigating against the declaratory judgment plaintiff a claim arising under state law.

*Id.; accord Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 14 (1983) ("since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of

4

preemption, even if the defense is anticipated in plaintiff's complaint, and even if both parties admit that the defense is the only question at issue in the case.").

Here, Viz's declaratory relief claim relies on federal law only to establish a defense which would preclude Spector from successfully litigating against Viz in state court. Under *Alton Box*, which this Court determines to be controlling precedent, Viz's assertion of a declaratory relief claim based on preemption is, by itself, insufficient to establish federal question subject matter jurisdiction.

### B.     The Complete Preemption Doctrine.

Viz argues that this Court nonetheless has federal question subject matter jurisdiction under the "complete preemption" doctrine. Specifically, VIZ contends that the preemptive force of the United States Bankruptcy Act requires that Spector's claim under California Code of Civil Procedure Section 1800(b) be considered, from its inception, to have arisen under federal law.[1]

The "complete preemption" doctrine provides an exception to the general proposition that a complaint purporting to seek relief exclusively under state law does not provide a basis for federal question subject matter jurisdiction. Where there is "complete preemption" of an area of state law, "any complaint that comes within the scope of the federal cause of action necessarily arises under federal law" even if it purports to raise only state law claims. *Franchise Tax Board*, 463 U.S. at 24. As the Ninth Circuit has observed:

> The Supreme Court has concluded that the preemptive force of some federal statutes is so strong that they "completely preempt" an area of state law. In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*In re Miles*, 430 F.3d at 1088.

However, complete preemption arises only in "extraordinary" situations. *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cir. 2003). Complete preemption exists only when a federal statute "wholly displaces the state-law cause of action" such that "the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and

---

[1] Preliminarily, Spector argues that there is no basis to even reach the complete preemption issue, contending that it is a doctrine limited to the propriety of removal of state actions to federal court, which is not at issue here. The Court disagrees. Because the complete preemption doctrine, if applicable, would allow this Court to recharacterize Spector's state law claims as arising under federal law, the complete preemption doctrine could potentially provide federal question subject matter jurisdiction for Viz's instant action seeking declaratory judgment regarding Spector's state law claims.

5

remedies governing that cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *see also In re Miles*, 430 F.3d at 1088. As the Ninth Circuit has observed:

> Under "complete or super preemption," courts have reasoned that, by legislating within a given area, Congress intended to fully occupy that area. Thus, any attempt to claim a remedy outside the Congressional scheme is preempted whether or not there is a direct conflict with state law. When there is a finding of complete preemption, total occupation by the federal scheme pushes aside any state law claims in the area. To the extent that Congress has provided for private remedies, those remedies become the exclusive remedies available to plaintiffs, which means that their claims now necessarily arise under federal law.

*Associated Builders & Contractors, Inc. v. Local 302 Intern. Broth. of Electrical Workers*, 109 F.3d 1353, 1356 (9th Cir. 1997).

Viz accurately observes that the Ninth Circuit, in *Sherwood Partners v. Lycos, Inc.*, 394 F.3d 1198 (9th Cir. 2005), has found the Bankruptcy Code to <u>substantively</u> preempt California Code of Civil Procedure 1800(b)'s preference-avoidance powers.[2] Viz then points to *In re Miles* in support of its contention that the Ninth Circuit has generally "established that the preemptive effect of the Bankruptcy Code gives rise to complete or 'super' preemption" (Viz's Opposition at 5:26-28.). However, Viz overstates the holding of *In re Miles*. In *In re Miles*, the Ninth Circuit held only that Congress intended, through Section 303(i) of the Bankruptcy Code, to provide a comprehensive scheme regarding remedies and sanctions for improper behavior and filings <u>in bankruptcy court</u>, and that state law remedies were therefore foreclosed. 430 F.3d at 1091-93. However, the Ninth Circuit specifically observed:

> We do not hold that all state actions related to bankruptcy proceedings are subject to the complete preemption doctrine. We recognize that because the common law of the various states provides much of the legal framework for the operation of the bankruptcy system, it cannot be said that Congress has completely preempted all state regulation which may affect the actions of parties in bankruptcy court.

430 F.3d at 1092 (quotations and citations omitted); *accord Nelson v. Stewart*, 422 F.3d 463, 474-75 (7th Cir. 2005) (holding that Section 1114 of the Bankruptcy Code did not completely preempt state laws governing the relationship of retirees to the entity representing them before the bankruptcy court).

---

[2] *Sherwood Partners* had no occasion to discuss the complete preemption doctrine because it is a jurisdictional concept, and jurisdiction was satisfied by diversity of citizenship in the case before it. 394 F.3d at 1200.

6

This Court is unable to conclude that Congress intended, by passage of the United States Bankruptcy Act, to fully occupy the area of the exercise of preference avoidance powers by creditors or assignees such that "complete preemption" exists here.  Even *Sherwood Partners*, which found that California's specific incarnation of an anti-preference provision to be preempted by the Bankruptcy Code, recognized that federal bankruptcy law "coexists peaceably with, and often expressly incorporates, state laws regulating the rights and obligations of debtors and creditors." 394 F.3d at 1201.  The *Sherwood Partners* court proceeded with a particularized analysis that examined:

> whether the section 1800 assignee's special avoidance powers, though not expressly incorporated into the Bankruptcy Code . . . nevertheless can peaceably coexsit with the federal bankruptcy scheme.  To answer this question we must consider the essential goals and purposes of federal bankruptcy law, and then determine whether section 1800 is consistent with them.

*Id.* at 1202.

Though *Sherwood Partners* ultimately found Section 1800 to be preempted by federal law as a result of this analysis (*id.* at 1206), it recognized that the analysis turned on whether the specific avoidance rights granted to the assignee conflicted with federal law.  This stands in contrast to the type of situation recognized in *Associated Builders & Contractors* to potentially support a finding of complete preemption, where "***any*** attempt to claim a remedy outside the Congressional scheme is preempted ***whether or not there is a direct conflict with state law***."  109 F.3d at 1356 (emphasis added).   Indeed, *Sherwood Partners* observed that had California granted the avoidance rights in question not only to the assignee but to other unsecured creditors, the remedies provided under state statute remedies would not have been preempted:

> This is not a matter for federal concern when the assignee has no special avoidance rights.  If individual unsecured creditors can sue to recover preferences under state law, the same powers are also available to a bankruptcy trustee under section 544(b); there is obviously no conflict then between federal law and state law giving those powers to an assignee.

*Id.* at 1204 n.6.

This Court concludes that *Sherwood Partners*, despite its finding of <u>substantive</u> preemption of California Code of Civil Procedure Section 1800(b), strongly counsels against a finding of <u>complete</u> preemption for subject matter jurisdiction purposes.  As *Sherwood Partners* recognized, the Bankruptcy Code will preempt <u>certain</u> preference avoidance powers granted to assignees under

7

state statutes when those same powers are not granted to individual creditors under state law, but still permits <u>some</u> state law preference avoidance powers if granted in equal measure to individual creditors. 394 F.3d at 1204 n.6, *see also In re Wisconsin Builders Supply*, 239 F.2d 649, 654-55 (7th Cir. 1956) (finding Wisconsin's voluntary assignment statutes, including anti-preference provisions, not to be preempted by the Bankruptcy Code). Thus, the Bankruptcy Code does not provide the exclusive private remedies available to assignees (or creditors) for avoidance of preferential transfers, and does not evidence an intent of Congress to "push aside any state law claims in the area" nor to make all claims for avoidance of preferential transfers arise solely under federal law. See *Beneficial Nat'l Bank*, 539 U.S. 1 at 8, *Associated Builders & Contractors,* 109 F.3d at 1356. Accordingly, a finding of complete preemption is not appropriate.

**C.     The Embedded Federal Issue Doctrine.**

Alternatively, Viz contends that this Court has subject matter jurisdiction under the "embedded federal issue" doctrine. Under the doctrine, state law claims can confer federal jurisdiction if they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Viz argues that because Spector's threats to invoke California Code of Civil Procedure 1800(b) raises a conflict with the Bankruptcy Code, this Court is the proper forum for deciding the preemption issues controlled by federal law. This Court disagrees. The state law claims discussed in *Grable* that gave rise to federal jurisdiction did so because resolution of a federal law question was needed to determine "essential parts of the plaintiffs' cause of action." 545 U.S. at 315. In contrast, here, no part of Spector's state law cause of action brought under California Code of Civil Procedure 1800(b) raises a federal law issue. Instead, Viz's preemption assertions are raised purely defensively in connection with Spector's state law claims. *Grable* provides no basis for finding federal jurisdiction on the basis of federal defenses alone. Indeed, to find otherwise would create federal subject matter jurisdiction all of the tremendous number of lawsuits where a preemption defense is raised in defense to state court claims. *Grable* does not permit this Court to assert

jurisdiction under the "embedded federal issue" doctrine on such a basis, particularly where such a rule of law would cause a large disturbance to the balance of federal and state judicial responsibilities and "materially affect, or threaten to affect, the normal currents of litigation." *Id.* at 319.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Spector's motion to dismiss. Because the Court determines that it does not have subject matter jurisdiction, the Court **STRIKES AS MOOT** Viz's motion for summary judgment. The court emphasizes that the above conclusions go only to the question of the subject matter jurisdiction of this Court and not to the merits of any defense raised by Viz to Spector's state-law claims are preempted by the Bankruptcy Code. The conclusions stated herein are not binding on any state court called upon to resolve the merits of such a defense.

**IT IS SO ORDERED.**

Dated: 4/10/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE